# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY SCOTT GRANTHAM,<br><br>    Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 5:20-cv-00039-SVW (SHK)<br><br>**ORDER SUMMARILY DENYING PETITION AS PREMATURE AND UNEXHAUSTED, DISMISSING CASE, DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DENYING A CERTIFICATE OF APPEALABILITY** |

## I. BACKGROUND

On December 26, 2019, Petitioner Tony Scott Grantham ("Petitioner") constructively filed[1] a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254 (the "Petition" or "Pet."). Electronic Case Filing Number ("ECF No.") 1, Pet. On January 16, 2020, Petitioner also constructively filed an application to proceed in forma pauperis ("IFP Application"). ECF No. 3, IFP Application. In his Petition, Petitioner states that he was sentenced in the Pomona Superior Court in case

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

number KA120456 for a "vehicle code violation" and that he has "been incarcerated since January 09, 2019[,] in West Valley Detention Center." ECF No. 1, Pet. at 2, 3 (capitalization normalized).  Petitioner seeks habeas relief on the basis that he was "denied 60 day speedy trial rights, pursuant to 1381-1382" and that his "constitutional rights" were therefore "violated, pursuant to 1381-1382/dismissal."  Id.

Petitioner asserts that he appealed his conviction, but he did not list the Court to which he appealed his conviction or the date on which he filed his appeal.  Id. at 5.  According to the California Court of Appeal website, a corresponding appeal with Petitioner's name and the same trial court case number was filed on December 26, 2019, in the Second Appellate District of the California Court of Appeal, it was assigned a California Court of Appeal case number B303598, and the appeal is still pending.[2]  Petitioner concedes that he has not yet received a "response from the appellate court on the notice of appeal," and that he has also not sought review by the California Supreme Court.  Id. at 5-6

## II.  DISCUSSION

State prisoners must exhaust their state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, habeas petitioners must fairly present their federal claims involving violations of the U.S. Constitution in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of prisoners' federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).  Habeas petitioners must

---

[2] Because the Court may review and consider the information from official websites regarding the status of Petitioner's state court matters, the Court takes judicial notice of the California Court docket pertaining to Petitioner.  See Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

To properly exhaust habeas claims, petitioners in California state custody must "fairly present" their claims in petitions to the California Supreme Court. Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented only if the petitioner has "indicated to the court that [the federal claims] were based on federal law." Lyons v. Crawford, 232 F. 3d 666, 668 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001).

Here, it appears that Petitioner began his direct appeal process roughly one month ago in the California Court of Appeal, where his appeal is still pending. Further, Petitioner concedes that he has sought review of his claims in the California Supreme Court. Because Petitioner has not yet fairly presented his claims in state court, the Petition is summarily dismissed, without prejudice, as prematurely brought and unexhausted. See Duncan, 513 U.S. at 365; Gatlin, 189 F.3d at 888. Additionally, because the Petition is premature, Petitioner's IFP Application is also DENIED.

### III.   CERTIFICATE OF APPEALABILITY

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 478 (2000).

Here, the Court is dismissing the Petition without prejudice because the claims are plainly unexhausted. Because of this clearly apparent problem with the Petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## IV.   ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DENIED**;
2. Judgment be entered **DISMISSING** the action without prejudice;
3. Petitioner's IFP Application [ECF No. 3] is **DENIED**; and
4. A Certificate of Appealability is **DENIED**.

Dated: July 14, 2020

HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge